UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG,<br>                 Plaintiff,<br><br>     v.<br><br>R. CURLISS, et al.,<br><br>                 Defendants. | Case No. 1:12-cv-01871 JLT (PC)<br><br>ORDER TO PLAINTIFF TO PAY FILING FEE |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. He has not eligible to proceed in forma pauperis, given that he has been determined to have filed at least three cases in the past that failed to state a claim. Thus, the Court **ORDERS** Plaintiff to pay the filing fee within 14 days.

**I.      Background**

**II.     Eligibility to proceed in forma pauperis**

A prisoner may commence and proceed with an action in federal court without prepayment of fees pursuant to 28 U.S.C. § 1915. Section 1915, however, contains an explicit limitation. Known as the "there strikes rule," § 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g). To determine whether a dismissal counts as a "strike" under § 1915(g), a court must conduct a "careful examination of the order dismissing the action" in order to verify that, in fact, "the action was dismissed because it was "frivolous, malicious or failed to state a claim." (Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)).

Here, the Court takes judicial notice that at least three of Plaintiff's lawsuits have been dismissed as frivolous for failure to state a claim[1] and several others have been dismissed due to his failure to pay the filing fee after having been determined ineligible to proceed in forma pauperis.[2] Thus, because Plaintiff has accumulated "three strikes" against him, he may only proceed in forma pauperis under § 1915 only if he is in imminent danger of serious physical injury at the time he brought the action. *See* 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The "imminent danger" exception to the three-strikes rule, requires the Court to examine the complaint to determine whether it demonstrates Plaintiff is at imminent danger of serious physical injury. Id. After a review of Plaintiff's complaint, the Court is convinced that he is not.

Plaintiff asserts in his complaint that on November 16, 2011, he was subject to retaliation for submitting prison grievances. (Doc. 1 at 4) Plaintiff contends that this retaliation was in the form of having his property confiscated and destroyed. Id. Also, he asserts that on the same date, he suffered injuries as a result of Defendants' use of excessive force and the use of pepper spray. Id. at 5. On that same day, Plaintiff contends he was denied medical care for these injuries and, as a result of the use of the pepper spray, he suffers from a "skin problem" that has not been adequately treated. Id. at 6.

Having been through this process a number of times before, Plaintiff is aware that in order

---

[1] 1) Young v. Briddle, et al., 3:98-cv-00714-SI at Doc. 5 (N.D. Cal June 5, 1998) (failure to state a claim); 2) Young v. McCargar, et al., 2:00-cv-02393-GEB-DAD at Doc. 25, Doc. 33 (E.D. Cal. Aug. 13, 2002) (failure to state a claim); and 3) Young v. Bowen, et al., No. 2:01-cv-06368-DSF-MLG at Doc. 213 (C.D. Cal. July. 12, 2007) (failure to state a claim).
Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] See also Young v. Riley, et al., 2:02-cv-02297-LKK -DAD at Doc. 53, Doc. 58 (three strike dismissal March 29, 2005); Young v. Holguin, et al., 1:06-cv-00770-LJO-DLB at Doc. 18, Doc. 25 (three strike dismissal April 14, 2008); Young v. Parks, et al., 2:09-cv-00336-GEB-GGH at Doc. 15, Doc. 19 (three strike dismissal April 7, 2011).

for the Court to allow his lawsuit to move forward without the payment of fees, there must be a demonstration of imminent harm. Thus, several times in his complaint, Plaintiff *concludes* he is at risk of imminent harm. Notably, however, other than the ongoing impacts caused by his skin problem, he does not allege that there have been any other events in the year since the date in question which support his conclusion of imminent danger nor any showing of a threat of future harm. Even assuming as true that Plaintiff could still be suffering the effects of pepper spray used on him a year ago, the fact that he is not being provided adequate medical treatment for this skin problem falls well short of demonstrating he is at imminent danger of physical injury. The Court does not find that the failure to treat a chronic medical condition could never constitute imminent harm but does find that Plaintiff's lasting skin problem does not place Plaintiff in imminent danger of physical injury.

Because Plaintiff has accumulated "three strikes" under § 1915(g) and was not in imminent danger of serious physical injury at the time he brought this action, Plaintiff is barred from proceeding in forma pauperis in this case. *See* 28 U.S.C. § 1915(g). Because Plaintiff has not paid the filing fee, the Court **ORDERS** Plaintiff to pay the filing fee in full before proceeding with this litigation.

**ORDER**

Based upon the foregoing, the Court **ORDERS** Plaintiff to pay the filing fee in full within 14 days of service of this order;

**Plaintiff is advised that his failure to pay the filing fee as ordered will result in a recommendation that his lawsuit be dismissed.**

IT IS SO ORDERED.

Dated:   **December 12, 2012**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE