UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG,<br>　　　　　Plaintiff,<br>　v.<br>R. CURLISS, et al.,<br>　　　　　Defendants. | Case No. 1:12-cv-01871 JLT (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>ORDER CONSTRUING PLAINTFF'S "OBJECTION" AS A MOTION FOR RECONSIDERATION AND DENYING RECONSIDERATION<br>(Doc. 3)<br><br>FINDINGS AND RECOMMENDATION DIMISSING FOR FAILURE TO PAY FILING FEES |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. He is not eligible to proceed in forma pauperis, given that he has been determined to have filed at least three cases in the past that failed to state a claim and, indeed, has not filed a motion to proceed in forma pauperis.

On December 12, 2012, the Court ordered Plaintiff to pay the filing fees (Doc. 2), but he has not. Instead, Plaintiff has objected to the order to pay and asserts that he is at risk of imminent harm. (Doc. 3) For the reasons set forth below, the Court recommends the matter be dismissed without prejudice for Plaintiff's failure to pay the filing fees.

**I.      Background**

In his complaint, Plaintiff alleges that on November 16, 2011, Defendant Curliss subjected him to retaliation for submitting prison grievances.  (Doc. 1 at 4)  Plaintiff contends that this retaliation was in the form of having his property confiscated and destroyed.  Id.  Also, he asserts that on the same date, he suffered injuries as a result of Defendants' use of excessive force and the use of pepper spray.  Id. at 5.  Plaintiff contends also he was denied medical care for these injuries and, as a result of the use of the pepper spray, he suffers from a "skin problem" that has not been adequately treated.  Id. at 6.  Likewise Plaintiff concludes he is in "imminent danger" of being denied medical care in the future for his skin condition.  Id.

**II.     Plaintiff is not eligible to proceed in forma pauperis**

   **A.     Plaintiff has not demonstrated he is entitled to reconsideration**

To the extent that by filing his "Objection," Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b), such relief is not warranted in this case.  Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  Accordingly, "reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).  *See also* Local Rule 230(j) (requiring the party seeking reconsideration to demonstrate, among other things, what new or different facts or circumstances are claimed to exist which did not exist at the time of the prior motion).

Though Plaintiff has not filed a motion to proceed in formal pauperis, in his Objections, he argues he should be permitted to proceed without paying filing fees.  The Court has concluded

1 already he is ineligible to so proceed.

2 Indisputably, at least three of Plaintiff's lawsuits have been dismissed as frivolous for failure to state a claim[1] and several others have been dismissed due to his failure to pay the filing fee after having been determined ineligible to proceed in forma pauperis.[2] Thus, because Plaintiff has accumulated "three strikes" against him, he may only proceed in forma pauperis under § 1915 only if he is in imminent danger of serious physical injury at the time he brought the action. *See* 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The "imminent danger" exception to the three-strikes rule, requires the Court to examine the complaint to determine whether it demonstrates Plaintiff is at imminent danger of serious physical injury. Id. After a review of Plaintiff's complaint, the Court is convinced that he is not.

In his objections to the order requiring him to pay the filing fee, Plaintiff attempts to establish he is currently in imminent danger of serious physical harm. He asserts that on December 8, 2012, he was "viciously attacked with a baton by an unsupervised officer." (Doc. 3 at 2) He explains also that he feels that he is at risk of further attacks because the "Green Wall members . . . run rampant throughout the Department's institutions . . ." Id. at 2. Notably, though his complaint addresses retaliation for filing prison grievances, in his objections, he attributes his recent assault as a result of a gang of correctional officers running amok within the prison system. This is an important distinction because there is no indication—or reason to think--that this recent event has anything to do with the November 2011 retaliatory incident.

It is plain that the reason the PLRA requires a showing of imminent danger is to ensure that only those cases which require litigation to protect the inmate from serious physical harm may be allowed to proceed without the payment of fees. Andrews, 493 F.3d at 1053. The fact

---

[1] 1) Young v. Briddle, et al., 3:98-cv-00714-SI at Doc. 5 (N.D. Cal June 5, 1998) (failure to state a claim); 2) Young v. McCargar, et al., 2:00-cv-02393-GEB-DAD at Doc. 25, Doc. 33 (E.D. Cal. Aug. 13, 2002) (failure to state a claim); and 3) Young v. Bowen, et al., No. 2:01-cv-06368-DSF-MLG at Doc. 213 (C.D. Cal. July. 12, 2007) (failure to state a claim). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] See also Young v. Riley, et al., 2:02-cv-02297-LKK -DAD at Doc. 53, Doc. 58 (three strike dismissal March 29, 2005); Young v. Holguin, et al., 1:06-cv-00770-LJO-DLB at Doc. 18, Doc. 25 (three strike dismissal April 14, 2008); Young v. Parks, et al., 2:09-cv-00336-GEB-GGH at Doc. 15, Doc. 19 (three strike dismissal April 7, 2011).

that Plaintiff has been the subject of an act of force more than a year after the events set forth in the complaint and a month after he filed is complaint, is insufficient. In this Court's experience, violence—whether at the hands of other inmates or by prison staff--is a real, albeit unacceptable consequence of incarceration but one which is faced by every prisoner. Despite the absolute despicability of this fact, without a connection to his litigation it does not demonstrate that Plaintiff was at "imminent danger of serious physical injury" for the purposes of the PLRA *at the time* he filed the litigation. If this was sufficient, a primary purpose of the PLRA—to prevent frivolous litigation--could never be met. Thus, the Court holds that the imminent danger showing required by the PLRA, *must be tied* to the litigation rather than merely being a risk suffered by inmates generally. Because this new, unrelated event does not demonstrate that Plaintiff was in imminent danger when he initiated this litigation, he has not demonstrated that the lawsuit must be permitted to proceed without the prepayment of fees. Thus, the Court **DENIES** Plaintiff's Objections, as construed as a motion for reconsideration.

### III.    Plaintiff has failed to pay the filing fees as ordered by the Court

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance given Plaintiff's failure to pay the filing fee and will not allow it to proceed absent the payment of fees. Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its December 12, 2012 order, the Court warned Plaintiff that if he failed to comply with the order, the Court would recommend his entire matter be dismissed. (Doc. 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

**ORDER**

Based upon the foregoing, the Court **ORDERS:**

1. Plaintiff's "Objections" (Doc. 3) as construed as a motion for reconsideration is **DENIED**;

2. The Clerk of the Court is **DIRECTED** to assign this matter to a District Judge.

**FINDINGS AND RECOMMENDATION**

Because Plaintiff has accumulated "three strikes" under § 1915(g) and was not in imminent danger of serious physical injury at the time he brought this action, Plaintiff is barred from proceeding in forma pauperis in this case. *See* 28 U.S.C. § 1915(g). Because Plaintiff has failed to pay the filing fee as ordered, the Court recommends this matter be **DIMISSED without prejudice**.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 7 days after the filing of the objections on CM/ECF. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 2, 2013**             **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE